# CIRCUIT COURT OF NELSON COUNTY

Joe Lee McClellan, Inc.

v.

Virginia Employment Commission
and Carol S. Garrison

April 9, 2008

Case No. CL08000030

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the Plea in Bar filed by the Virginia Employment Commission ("VEC"). The Plea in Bar is granted, and the petition is dismissed.

Carol S. Garrison filed her claim for unemployment benefits on September 17, 2006. She was disqualified from benefits by the Deputy's Determination on March 16, 2007. Garrison noted her appeal to the Appeals Examiner. By decision dated May 18, 2007, the Appeals Examiner ruled that Garrison was qualified to receive unemployment benefits. Joe Lee McClellan, Inc., noted its appeal from the Appeals Examiner decision to the Virginia Employment Commission ("Commission"). The Commission affirmed the decision of the Appeals Examiner on December 19, 2007, and found Garrison qualified to receive unemployment compensation.

At each level of hearing from the Deputy's Determination through the Commission, Lovingston Grocery, Inc., was found to be the liable employer and Joe Lee McClellan, Inc., was found to be the subsequent employer. Va. Code § 60.2-614 sets forth that benefits cannot be obtained unless an employee performed services for the employer for thirty days or for two hundred forty hours. In this case, only Lovingston Grocery, Inc., could be liable to pay the benefits. Garrison did not work for Joe Lee McClellan, Inc., for the required time under Va. Code § 60.2-614.

Joe Lee McClellan, Inc., filed its Petition for Judicial Review pursuant to Va. Code § 60.2-625(A). The VEC and Garrison were named as defendants. Lovingston Grocery, Inc., was not named as a defendant. The VEC filed a Plea in Bar and Motion to Dismiss. The VEC maintains that Lovingston Grocery, Inc., was not named as a defendant as required by Va. Code § 60.2-625(A). Va. Code § 60.2-625(A) provides in part that "the Commission and any other party to the administrative procedures before the Commission shall be named a defendant in a petition for judicial review."

Lovingston Grocery, Inc., has been designated the liable employer at every stage of the proceedings. Under Va. Code § 60.2-614 it is the only liable employer. The evidence before both the Appeals Examiner and the Commission established that Joe Lee McClellan, Inc., did not own Lovingston Grocery, Inc., or have any ownership interest in Lovingston Grocery, Inc. Joe Lee McClellan, Inc., was simply the landlord for the property where Lovingston Grocery, Inc., operated its business. When Lovingston Grocery, Inc., ceased operating, Joe Lee McClellan, Inc., took over the premises. As demonstrated in the record, Lovingston Grocery, Inc., and Joe Lee McClellan, Inc., have separate VEC account numbers.

Further, the evidence establishes that Garrison never worked for Joe Lee McClellan, Inc. She was not offered a job by Joe Lee McClellan, Inc., she never received any pay from Joe Lee McClellan, Inc., and she was terminated by Mr. Bryant, the manager of Lovingston Grocery, Inc.

In *Miller v. Virginia Employment Commission,* Record No. 0923-90-4, Virginia Ct. of Appeals (May 7, 1991), the Court of Appeals sustained the motion to dismiss where the employee failed to name her last thirty-day employer in her petition for judicial review. The circuit court dismissed the case pursuant to the motion to dismiss. The Court of Appeals affirmed the ruling of the circuit court.

While *Miller v. V.E.C.* is an unpublished decision, the court's reasons for sustaining the motion to dismiss are applicable in this case. As the court in *Miller* noted, when jurisdiction is conferred upon a court by special statute, "[J]urisdiction may be exercised legally only where there is substantial compliance with the statute." Further, the court noted that "[B]ecause Code § 60.2-625 is unequivocal, it must be followed exactly."

Joe Lee McClellan, Inc., has not followed the statute. Clearly, the liable employer, Lovingston Grocery, Inc., must be a party under § 60.2-625. Thus, the motion to dismiss and Plea in Bar must be sustained.

Joe Lee McClellan, Inc., has moved that it be allowed to amend the Petition for Judicial Review to include Lovingston Grocery, Inc., as a party. This cannot be granted because it would violate the requirement of § 60.2-625

that the appeal be noted within thirty days after the decision of the Commission. Because Lovingston Grocery, Inc., was not included as a party, the appeal is invalid. More than thirty days have now elapsed. Thus, this court cannot allow Lovingston Grocery, Inc., to be added as a party because the appeal would be untimely.